Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
**Megan E. Glor, Attorneys at Law, PC**
621 SW Morrison, Suite 900
Portland, OR  97205
Telephone: (503) 223-7400
Fax: (503) 227-2530

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **LINA K. KONE,** | **3:15-cv-1592** |
| **Plaintiff,** | |
| | **COMPLAINT** |
| **v.** | |
| | **(Employee Retirement Income Security** |
| **LEGACY HEALTH** | **Act of 1974, 29 U.S.C. § 1132(a)(1)(B))** |
| **Defendant.** | |

## <u>INTRODUCTION</u>

1.

This action is brought on behalf of Plaintiff, Lina K. Kone, pursuant to the Employee

Retirement Income Security Act of 1974, 29 U.S.C. §1001*, et seq*. ("ERISA"). Plaintiff seeks to

recover from defendant Legacy Health ("Legacy"), unpaid benefits under defendant's Long

**COMPLAINT-Page 1 of 7**

Term Supplemental Income Plan ("the LTSI Plan") benefits pursuant to the terms of the Plan and 29 U.S.C. §1132(a)(1)(B). Plaintiff seeks these remedies, plus her costs and attorney fees, pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## JURISDICTION AND VENUE

2.

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declaratory relief and attorney fees and costs, under ERISA.

3.

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4.

At all times material herein, Plaintiff has been an individual residing in the state of Oregon.

5.

At all times material herein, Plaintiff was employed by Legacy and was a participant under the LTSI Plan.

6.

The LTSI Plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(1).

**COMPLAINT-Page 2 of 7**

7.

At all times material herein, Legacy was the sponsor of the LTSI Plan within the meaning of ERISA, 29 U.S.C. § 1002(16)(B).

8.

At all times material herein, Legacy was the plan administrator of the LTSI Plan within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

9.

At all times material herein, Legacy was the claims administrator of the LTSI Plan within the meaning of ERISA, 29 U.S.C. § 1132(a)(1)(B), § 1132(a)(3), and § 1132(d)(2).

## STATEMENT OF FACTS

10.

Plaintiff realleges the facts stated in Paragraphs 1-9.

11.

On or about May 7, 2012, Plaintiff left her employment as a Report Writer Analyst with Legacy due to disabling pain, from the right shoulder to the elbow and intermittent right hand pain and weakness, resulting from cervical degenerative disc disease with foraminal stenosis.

12.

At all material times, Plaintiff was diagnosed with cervical radiculitis and cervical degenerative disc disease.

13.

Plaintiff applied for benefits under defendant's Short Term Income Supplement Plan on or about May 29, 2012.

**COMPLAINT-Page 3 of 7**

14.

By letter dated July 10, 2012 Legacy informed Plaintiff that her Short Term Income

Supplement benefit claim had been approved, with benefits payable effective May 29, 2012.

15.

Plaintiff returned to a reduced work schedule (3 days per week) on or about July 23,

2012.

16.

On or about September 14, 2012, Legacy informed Plaintiff that her reduced work

schedule could not be accommodated under Legacy's Temporary Modified Program, which

required a 30 hour-per-week work schedule. Accordingly, Plaintiff's last day of work was

September 14, 2012.

17.

Legacy's e-mailed notice, referred to in Paragraph 16, states: "You will receive Long

Term Income Supplement benefits form 09/15/12 on for as long as you meet the Plan's

definition of disabled."

18.

By letter dated October 19, 2012, Legacy informed Plaintiff that her LTIS benefits were

being terminated effective October 19, 2012.

19.

On or about April 17, 2013, Plaintiff submitted a prelitigation appeal of Legacy's

termination of LTIS benefits.

**COMPLAINT-Page 4 of 7**

20.

By letters dated June 12, 2013 and June 14, 2013, Legacy informed Plaintiff that her LTIS claim had been reinstated.

21.

The Social Security Administration approved Plaintiff's claim for Social Security disability income ("SSDI") benefits as of October 2012 and paid her a monthly SSDI benefit beginning in March 1, 2013. Accordingly, Legacy reduced Plaintiff's monthly LTIS benefit by $1,392, effective March 1, 2013.

22.

By letter dated July 24, 2014, Legacy informed Plaintiff that her LTSI claim was being closed effective July 31, 2014.  Legacy cited the LTIS Plan's "any occupation" disability definition and asserted "medical information in our file does not support total disability as defined by the plan."

23.

On or about January 16, 2015, Plaintiff submitted a prelitigation appeal of Legacy's termination of her LTIS benefits.

24.

By letter dated April 8, 2015, Legacy denied Plaintiff's appeal.

25.

Plaintiff has completed all steps required prior to the filing of this Complaint under the Plan and ERISA, pursuant to 29 U.S.C. § 1133.

**COMPLAINT-Page 5 of 7**

26.

29 U.S.C. § 1132(a)(1)(B) authorizes Plaintiff to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, and/or to clarify her rights to future benefits under the terms of the Plan.

27.

By denying Plaintiff payment of benefits under the Plan, Legacy has violated and continues to violate ERISA, 29 U.S.C. § 1132(a)(1)(B).

28.

As a result of Legacy's denial of LTIS benefits due and owing Plaintiff under the terms of the LTIS Plan, Plaintiff has been damaged in the gross amount of $2,494.00 per month, from July 31, 2014, the date benefits were due but not paid, through the date of judgment.

29.

As a result of the denial of Plaintiff's claim for LTIS benefits under the Plan, Plaintiff has incurred attorney fees and costs, pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays that she have and recover judgment in her favor and against defendant as follows:

(1)    For a gross amount of $2,494.00 per month from July 31, 2014, through the date of judgment, pursuant to 29 U.S.C. § 1132(a)(1)(B;

(2)    For a declaration that Plaintiff is entitled to receive a monthly benefit under the LTIS Plan through age 65, so long as Plaintiff remains totally disabled;

(3)    For her attorney's fees and costs, pursuant to 29 U.S.C. § 1132(g)(1);

(4)    For prejudgment and post judgment interest; and

**COMPLAINT-Page 6 of 7**

Megan E. Glor, Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400
Fax:  (503) 227-2530

(5)     For such other relief as this court deems just and proper.

DATED this 21st day of August, 2015.

                                   _s/ Megan E. Glor_____
                                   Megan E. Glor, OSB No. 930178
                                   Megan E. Glor, Attorneys at Law
                                   (503) 223-7400
                                   Of Attorneys for Plaintiff Lina K. Kone

**COMPLAINT-Page 7 of 7**